SHAINIS & PELTZMAN, CHARTERED
Stephen C. Leckar (SL-9168)
1850 M St., NW, Suite 240
Washington, D.C. 20036
(202) 742-4242

LAW OFFICE OF FREDERICK R. DETTMER
Frederick R. Dettmer (FD-2426)
340 Corlies Ave.
Pelham, New York 10803
(914) 738-8782

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**INTERNATIONAL SWAPS AND DERIVATIVES ASSOCIATION, INC.**

       **Plaintiff,**

   -against-

**SOCRATEK, L.L.C.,**

       **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Index No.:**
**09-cv-8033 (HB)**


**PLAINTIFF'S POST-HEARING MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR A PRELIMINARY INJUNCTION**


      Plaintiff International Swaps and Derivatives Association, Inc. ("ISDA") submits this post-hearing memorandum in further support of its motion for a preliminary injunction.

      At oral argument, the Court posed the question of whether preliminary injunctive relief was appropriate in a case of first impression. Plaintiff argued that this case,

where the facts are undisputed, is a candidate for such relief.  We contended that while a reading of the two statutes at issue yielded the conclusion that Plaintiff's construction possesses a strong likelihood of success on the merits, at a minimum there are fair grounds for litigation and the balance of hardships tips decidedly in Plaintiff's favor, these elements, of course, being the familiar standards governing applications for injunctions *pendente lite*.1

With the opportunity for reflection and research, several other principles come to mind.  First, in the context of copyright litigation, the presence of issues of first impression did not prevent the issuance of a preliminary injunction after the file-sharing service, Napster, was sued by copyright holders for facilitation of copyright infringement.2 In a similar vein, the lack of clear precedent did not prevent the issuance of a preliminary injunction in *Erickson v. Trinity Theatre,* where, as here, the determination focused on issues of law.3

Indeed, this principle was recognized nearly a century ago by the Supreme Court in *International News Service v. Associated Press*.  There, in terms lying near the heart of this controversy, the Court held that "notwithstanding the case has proceeded only to the stage of a preliminary injunction, we have deemed it proper to consider the underlying questions, since they go to the very merits of the action and are presented upon facts that are not in dispute."4

---

1 *County of Nassau v. Leavitt*, 524 F.3d 408, 416 (2nd Cir. 2008); *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2nd Cir. 2002)(copyright case).

2     *A&M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896 (ND Cal. 2000), *aff'd in part, rev'd in part,* 239 F.3d 1004 (9th Cir. 2001).

3     13 F.3d 1061, 1067-73 (7th Cir. 1994).

4     248 U.S. 215, 232 (1918).

Nor should the existence of two statutory schemes requiring harmonization present difficulty. A similar state of affairs did not preclude a judge of this court from overturning the bankruptcy court and entering a preliminary injunction in *In re Northwest Airlines Corporation,* a decision subsequently affirmed by the Court of Appeals for this Circuit.5 After noting the lack of square precedent to reconcile the two statutory schemes there at issue, the district judge recognized that "[i]t is the duty of this Court to harmonize these overlapping statutes to give effect to each one insofar as they are capable of co-existence and to preserve the sense and purpose of each, insofar as they are not manifestly incompatible." 6 Finding the two schemes capable of co-existence,7 the district court issued a preliminary injunction.8

In summary, the legal issue must be decided. That the decision comes in the context of a motion for a preliminary injunction where there are no disputes of material fact does not bear on the likelihood of success on the merits. As the Court may have implicitly recognized at oral argument, when the parties discussed whether a trial ultimately would be necessary, the likelihood of success will not change at the later stages of the case: the likelihood of success tomorrow is exactly what it is today, once the Court decides the pertinent legal issue.

                    Respectfully submitted,

                    SHAINIS & PELTZMAN, CHARTERED

---

5    349 B.R. 338, 2009 U.S. Dist. LEXIS 65627 (S.D.N.Y. Sept. 15, 2006), *aff'd*, 483 F.3d 160 (2nd Cir. 2007).

6    349 B.R. at 373 (citations omitted).

7    349 B.R. at 380-81.

8    349 B.R. at 384.

By:   s/Stephen C. Leckar
Stephen C. Leckar (SL-9168)
1850 M St., N.W., Suite 240
Washington, D.C. 20036
202-742-4242

LAW OFFICE OF FREDERICK R. DETTMER

By:   s/Frederick R. Dettmer
Frederick R. Dettmer (FD-2426)
340 Corlies Avenue
Pelham, New York 10803
914-738-8782

Attorneys for Plaintiff
INTERNATIONAL SWAPS AND DERIVATIVES ASSOCIATION, INC.

Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing Plaintiff's Post-Hearing Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction was served, by electronic means, upon the following the 22nd day of December, 2009:

Alan R. Schwartz, Esq.
30 Hancock Street
Lexington, Massachusetts  02420

   s/Frederick R. Dettmer
Frederick R. Dettmer

-4-